```
 1  Gregory H. Smith, Bar No. 243385
    ghsmith@boothmitchel.com
 2  BOOTH, MITCHEL & STRANGE, LLP
    701 South Parker Street, Suite 6500
 3  Orange, CA 92868-4733
    (714) 480-8500 / Fax: (714) 480-8533
 4
 5  Attorneys for Defendant APPLE INC.
```

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| GIRIBALA PATEL and SAJAN PATEL,<br><br>Plaintiffs,<br><br>v.<br><br>CITIBANK CORPORATION, a New York Corporation; BANK OF AMERICA, a North Carolina Corporation; JP MORGAN CHASE & CORPORATION, a New York Corporation; REGIONS FINANCIAL CORPORATION, an Alabama Corporation; APPLE, INC., a California Corporation; GOOGLE, LLC, a California Limited Liability Company; FEDEX CORPORATION, a Tennessee Corporation; LYNDA KATHLYN COMADURAN, an Individual; SUBHANKAR BOSE, an Individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 8:19-cv-01539<br><br>**APPLE INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>FRCP 12(b)(6)<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date:  September 30, 2019<br>Time:  8:30 a.m.<br>Judge: Hon. David O. Carter<br>Ctrm:  9D<br><br>Action Filed:   June 6, 2019<br>Removal Date: August 8, 2019<br>Trial Date:    None Set |

Defendant Apple Inc. ("Apple") submits the following Reply Brief in Support of its Motion to Dismiss for Failure to State a Claim ("Apple's Motion," Doc. 20).

///

1

# INTRODUCTION

The Complaint does not state a plausible claim against Apple. Plaintiffs have not, and cannot, establish that Apple possessed a legal duty to Plaintiffs. As reflected in the Declaration of Gregory H. Smith, filed with Apple's Motion (Doc. 20-1), Plaintiffs' counsel did not provide any legal support for the position that a legal duty exists during the parties' Local Rule 7-3 discussions, and now Plaintiffs' Opposition (Doc. 35) is predicated on a single case with an inapplicable holding and distinguishable facts, in an effort to establish the existence of a legal duty. In addition, Plaintiffs' argument that they sufficiently pled facts for the two claims against Apple (professional negligence and breach of fiduciary duty) similarly fails. The Plaintiffs' Opposition simply restates the alleged facts that Apple's Motion explained were deficient. Accordingly, the Court should dismiss Plaintiffs' Complaint as to Apple for failing to state a claim upon which relief can be granted.

# ARGUMENT

### A.   Plaintiffs Fail to Cite Any Valid Authority to Support Their Claim.

Plaintiffs' argument that Apple possessed a duty to Plaintiffs rests primarily on *Sun'n Sand, Inc. v. United Cal. Bank*, 21 Cal. 3d 671 (1978), which they claim has greater similarity to this case than *Burns v. Neiman Marcus Group, Inc.*, 173 Cal. App. 4th 479 (2009).[1] They are incorrect.

In *Sun'n Sand*, the court addressed whether the plaintiffs could maintain a negligence claim against a bank on a theory that the bank owed a duty of inquiry into potential fraud. 21 Cal. 3d at 694-95. There, an employee defendant manipulated authorized checks drawn on her employer's bank account made out to the employee's bank so that they were for larger amounts. She then deposited the checks in her personal account, which her bank accepted. *Id.* at 692. The plaintiff

---

[1] As Apple already has addressed the high similarity of the *Burns* case to the instant case in its Motion to Dismiss, this section of the Reply will address only Plaintiffs' arguments regarding the *Sun'n Sand* case.

employer argued that employee's bank breached a duty to inquire into the deposited checks. *Id.* The court agreed that a duty existed (*Id.* at 694-95), but only in these narrow circumstances:

> The duty is narrowly circumscribed: it is activated only when checks, not insignificant in amount, are drawn payable to the order of a bank and are presented to the payee bank by a third party seeking to negotiate the checks for his own benefit. Moreover, the bank's obligation is minimal. We hold simply that the bank may not ignore the danger signals inherent in such an attempted negotiation. There must be objective indicia from which the bank could reasonably conclude that the party presenting the check is authorized to transact in the manner proposed. In the absence of such indicia the bank pays at its peril.

*Id.* at 695-96.

Subsequent courts have confirmed the limited scope of *Sun'n Sand*, reiterating that the duty *Sun'n Sand* recognizes is "'NARROWLY CIRCUMSCRIBED: it is activated only when checks, not insignificant in amount, are drawn payable to the order of a bank and are presented to the payee bank by a third party seeking to negotiate the checks for his own benefit.'" *Lee Newman, M.D., Inc. v. Wells Fargo Bank*, 87 Cal. App. 4th 73, 81 (2001) (quoting *Sun'n Sand*) (alteration from original). Further, *Roy Supply, Inc. v. Wells Fargo Bank, N.A.*, 39 Cal.App.4th 1051 (1995) rejected the decision of *Sun'n Sand*, advising that it is not even legal precedent.

Further, the *Burns* court distinguishes *Sun'n Sand* because, in *Sun'n Sand*, there "was no discernable reason for the bank's action in allowing checks, payable to the bank, to be deposited into the employee's personal account," which is why the court identified a legal duty in that instance. *Burns*, 173 Cal. App. 4th at 492. Put differently, the bank in *Sun'n Sand* acted improperly by allowing the deposit.[2] The same is not the case here or in *Burns*. In *Burns,* Neiman Marcus accepted third party checks, payable to Neiman Marcus, in satisfaction of a customer's legitimate debt to the store for the purchase of goods. Accordingly, the court in *Burns* determined

---

[2] Plaintiffs also cite *Joffe v. United California Bank*, 141 Cal. App. 3d 541 (Ct. App. 1983), which similarly involves the improper action of a bank (Continental indorsed a check, but was not the designated payee) and is inapplicable for the same reasons distinguishing *Sun'n Sand*.

there was no improper act, and therefore no legal duty. And, like in *Lee Newman*, supra, the *Burns* court concluded that "we shall not extend *Sun'n Sand* beyond its specific facts . . . ." *Id.*

Here, as a preliminary matter, Apple is not a bank, which puts into question the application of *Sun'n Sand* altogether. Further, Apple issued gift cards to Plaintiffs based on their request. There are no facts indicating that the issuance of the gift cards was done improperly. The issue is whether there is a duty to warn Plaintiffs of the *potential* for third party criminal conduct that occurs outside of Apple's premises or control. There is not. *Sun'n Sand* does not address this issue, nor does Plaintiffs' Opposition.

Plaintiffs' position is based on the argument that Apple's general knowledge that gift card scams exist is a "red flag" that requires Apple to: (1) implement policies and procedures; (2) post warning signs; and (3) train employees on how to inform customers of scams. Compl., ¶¶ 51-52, 62. However, there is no legal authority for this proposed duty. As discussed in Apple's Motion, the existence of red flags is irrelevant until a duty is established; rather, the analysis is whether or not the issuance of a gift card, in and of itself, is sufficiently likely to result in the kind of harm the Plaintiffs experienced so that liability should appropriately be imposed on Apple. Motion, Doc. 20, p. 7, lls. 5-11 (*citing Burns*). Moreover, the act of issuing a gift card is not sufficiently likely to result in a customer becoming the victim of a scam. The scam occurs before and after the customer buys the gift card, away from the premises or control of the store where the gift card is purchased. Further, Plaintiffs' Opposition does not address the general rule that no one has a duty to control the criminal conduct of a third-party, nor does anyone have a duty to warn others about foreseeable criminal conduct of a third-party (*See* Motion, Doc. 20, p.9, lls. 1-19).

Plaintiffs have not, and cannot, provide legal authority to support their claims for professional negligence or breach of fiduciary duty because no legal duty exists

in this context. Therefore, these claims against Apple should be dismissed with prejudice.

### B. Plaintiffs' Opposition Does Not Address Apple's Argument that Plaintiffs Have Not Sufficiently Pled Facts to Support a Claim of Professional Negligence or Breach of Fiduciary Duty.

Plaintiffs do not allege facts to support that Apple and its employees were professionals that fell below the standard of care that "other members of [their] profession commonly possess and exercise," nor do they allege any facts to support that Apple had fiduciary duties—instead, Plaintiffs rely on pure "[c]onclusory allegations" and "labels" as to Apple's duties in an attempt to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (12(b)(6) standard); *Budd v. Nixen*, 6 Cal. 3d 195, 200 (1971) (professional negligence and fiduciary duty standards).

In the Opposition, Plaintiffs simply re-listed their deficient allegations and do not attempt to address Apple's argument. Plaintiffs' Opposition did nothing more than state the legal standard for breach of a fiduciary duty, and then it relied solely on its earlier arguments regarding the sufficiency of their allegations to support professional negligence as a legal theory. Accordingly, Plaintiffs cannot maintain their claims because there is no basis for Apple possessing a legal duty to Plaintiffs in these factual circumstances. And even if the court were to determine otherwise, Plaintiffs have not sufficiently pled their claims.

## CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant its Motion to Dismiss, dismissing Plaintiffs' Second and Third Claims against Apple with prejudice.

Dated:             BOOTH, MITCHEL & STRANGE LLP


By:  /s/ Gregory H. Smith
     Gregory H. Smith
     Attorneys for Defendant APPLE INC.

# CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2019, a copy of the foregoing **APPLE INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                 /s/ Gregory H. Smith
                                              GREGORY H. SMITH